UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:24CR49 VAB |
| v. | VIOLATIONS: |
| JEFFREY MALAVE | 42 U.S.C. § 1320a-7b(b)(1)(A) (Soliciting or Receiving Health Care Kickbacks)<br>42 U.S.C. § 1320a-7b(b)(2)(B) (Offering or Paying Health Care Kickbacks) |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Soliciting or Receiving Health Care Kickbacks)

Unless otherwise indicated, at all times relevant to this Information:

1.  The Connecticut Department of Social Services provided medical assistance to low-income persons through the Connecticut Medical Assistance Program (CTMAP). CTMAP's benefit packages, referred to as "HUSKY" or "Connecticut Medicaid," were jointly funded by the State of Connecticut and the federal government. Participating health care providers submitted claims for reimbursement for medically necessary benefits, items, and services rendered to Connecticut Medicaid members. As such, this program was a "health care benefit program" under Title 18, United States Code, Section 24(b).

2.  Individuals who received benefits under Connecticut Medicaid were called "beneficiaries" or "recipients." Companies or individuals that enrolled in Connecticut Medicaid and provided covered medical services, including dental services, to beneficiaries were known as "providers." To become a provider, a company or individual had to submit an enrollment application and certify, among other things, that the provider agreed to abide by all federal and local laws, regulations, and program manuals applicable to providers. To obtain payment for

services to beneficiaries, providers submitted and caused to be submitted claims to Connecticut Medicaid. These claims included, among other information, the beneficiary's name, the service provided, the date of service, the medical professional who rendered the service or item, and the amount of money claimed by the provider for the service or item on behalf of the beneficiary.

3. Under the federal statute known as the Anti-Kickback Statute, Title 42, United States Code, Section 1320a-7b, it was and is a violation of federal criminal law to knowingly and willfully offer, pay, solicit, or receive any remuneration (including any kickback or bribe) in exchange for, among other things, referring any individual for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care benefit program, including Connecticut Medicaid.

4. Defendant JEFFREY MALAVE ("MALAVE") was the principal and agent of ASAPS, LLC ("ASAPS"), a business registered with the state of Connecticut in or about January 2016. MALAVE and ASAPS never sought or received approval by CTMAP to provide any Connecticut Medicaid services, including Medicaid Non-Emergency Medical Transportation.

<u>The Kickback Solicitation Scheme</u>

5. Beginning on or about January 21, 2016 and continuing through November 2022, in the District of Connecticut, MALAVE knowingly and willfully solicited and received remuneration, including kickbacks, bribes, and rebates, directly and indirectly, overtly and covertly, in cash and in kind, from multiple dental providers, in return for referring individuals to the providers for the furnishing and arranging for the furnishing of services which could be paid for, in whole or in part, under a federal health care program, that is, Connecticut Medicaid, as follows:

6. MALAVE agreed to recruit Medicaid beneficiaries to attend dental appointments with the dental providers, for dental services for which the providers then billed Connecticut Medicaid. In exchange, MALAVE solicited and received kickback payments from the providers.

7. MALAVE and ASAPS paid dozens of individuals to work as patient "recruiters." MALAVE also paid individuals to transport recruited beneficiaries by car or van to dental providers for services, or transported them himself.

8. MALAVE and ASAPS received kickbacks from multiple Connecticut Medicaid providers, via cash, check, and electronic payment systems.

9. MALAVE also solicited and received kickbacks repeatedly from providers for dental services that MALAVE himself, as a Medicaid beneficiary, received.

<u>Charged Kickback</u>

10. By way of example, as charged in this count, on or about May 26, 2020, MALAVE solicited and received remuneration from a dental provider whose identity is known to the United States Attorney ("Dental Provider No. 1"), in return for referring individuals, including MALAVE himself, to the provider for the furnishing and arranging for the furnishing of services for which payment may be made under a federal health care program, that is, Connecticut Medicaid, and for which payment was made by Connecticut Medicaid to Dental Provider No. 1 on or about May 22, 2020.

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWO
### (Offering or Paying Health Care Kickbacks)

11.     Paragraphs 1-10 are incorporated by reference.

### The Kickback Payment Scheme

12.     Beginning in or about January 2016 and continuing through November 2022, in the District of Connecticut, MALAVE knowingly and willfully offered to pay and paid remuneration, including kickbacks, bribes, and rebates, directly and indirectly, overtly and covertly, in cash and in kind, to individual patients to induce those patients to purchase, order, and arrange for goods, services, and items for which payment may be made, in whole or in part, under a federal health care program, that is, Connecticut Medicaid. Specifically, in an effort to recruit Connecticut Medicaid beneficiaries to participate in the kickback solicitation scheme described above, MALAVE also paid patient beneficiaries kickbacks in exchange for their attending dental appointments.

13.     MALAVE and ASAPS recruited Connecticut Medicaid beneficiaries using a variety of channels, including in person and via social media. In recruiting patient beneficiaries, MALAVE and ASAPS advertised the payment of "cash" kickbacks in exchange for beneficiaries attending dental appointments. After the beneficiaries' dental appointments, MALAVE and ASAPS then received kickbacks from the dental providers, as set forth above, and provided smaller kickback payments to beneficiaries via cash or electronic payments.

### Charged Kickback

14.     By way of example, as charged in this count, on or about December 30, 2019, MALAVE knowingly and willfully offered to pay and paid a kickback of $20 to the mother of a minor child with initials S.V., whose identity is known to the United States Attorney, to induce S.V. and S.V.'s mother to purchase, order, and arrange for goods, services, and items for S.V.

from a dental provider whose identity is known to the United States Attorney ("Dental Provider No. 2"), for which payment may be made under a federal health care program, that is, Connecticut Medicaid, for which services payment was made by Connecticut Medicaid to Dental Provider No. 2 on or about December 20, 2019, and following Dental Provider No. 2 having paid MALAVE a kickback for referring S.V. on December 19, 2019.

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## FORFEITURE ALLEGATION

15. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Information, defendant MALAVE shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 42, United States Code, Section 1320a-7b, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982(a)(7); Title 21, United State Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

*[signature]*
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*[signature]*
ELENA L. CORONADO
ASSISTANT UNITED STATES ATTORNEY